Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BALÁZ SOLTI, an individual,

Plaintiff,

v.

LULAROE, LLC, a California limited liability company; LEANN STIDHAM, an individual; and DOES 1 through 10,

Defendants.

**Case No.:**

**PLAINTIFF'S COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT;**

2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**

<u>**Jury Trial Demanded**</u>

- 1 -

COMPLAINT

BALÁZ SOLTI ("SOLTI"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff SOLTI is an artist with his permanent residence in Hungary.

5. Plaintiff is informed and believes and thereon alleges that Defendant LULAROE, LLC ("LULAROE") is a limited liability company organized and existing under the laws of the State of California, and is doing business in California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendant LEANN STIDHAM ("STIDHAM") is an individual residing in California, and is the owner, principal, and administrator of LULAROE, and participated in and/or had the ability to supervise the infringing acts alleged herein.

7. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of product, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of product printed with Plaintiff's copyrighted artwork (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are

presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO COOL LION**

10. Prior to the conduct complained of herein, Plaintiff composed an original artwork titled "Cool Lion" (the "Subject Artwork"). This artwork was an original independent creation of Plaintiff, and is owned exclusively by Plaintiff. The Subject Artwork is depicted below:

**SUBJECT ARTWORK**:



11. Plaintiff created the Subject Artwork in Spain and is thus exempt from the requirement that a work be registered with the U.S. Copyright Office before suit relating to that work is filed.

12. Before the acts complained of herein, Plaintiff published the Subject Artwork.

13. Following this publication, Plaintiff's investigation revealed that LULAROE had misappropriated the Subject Artwork, and was selling product bearing illegal reproductions and/or derivations of the Subject Artwork.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, LULAROE, STIDHAM, and certain Doe defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed product featuring art that is identical to or substantially similar to the Subject Artwork ("Infringing Product"). Below is a comparison of the Subject Artwork and an exemplar of the Infringing Product. Also below is a review of the selection and arrangement of the motifs, and the motifs themselves, reveals the copying, as shown in these representative comparison:

| SUBJECT ARTWORK: | INFRINGING PRODUCT: |
|---|---|
|  |  |
|  |  |

15. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, rendering, line strokes, and appearance of the artworks at issue are at least substantially similar.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

16. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artwork, including, without limitation, through (a) access to Plaintiff's library of original art; (b) access to illegally distributed copies of the Subject Artwork by third-parties; (c) publications that incorporate the Subject Artwork; and (d) over the internet.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artwork and by producing, distributing and/or selling products that infringe the Subject Artwork through a nationwide network of retail stores, catalogues, and through on-line websites.

19. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

indirectly attributable to Defendant's infringement of the Subject Artwork in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

23. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Artwork as alleged herein.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct – the copying of Plaintiff's artwork – and because they had a direct financial interest in the sales of the Infringing Product.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as

well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Artwork, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

<u>With Respect to Each Claim for Relief</u>

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artwork;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, *et seq.*;

    c. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    d. That Plaintiff be awarded costs, and any other damages available, per 17 USC § 505.

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

    f. That Plaintiff be awarded the costs of this action; and

    g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Dated: January 19, 2017    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff